AARON A. PARKER AND SARAH J. RYAN v. NEIL M'MILLAN.

*Active trusts—Reversion of beneficial interest to heirs-at-law.*

1. A deed of trust, in fee simple, for the benefit of the grantor's wife, required the trustee to pay the rents and profits to the wife, during her life, and permit her, if she chose, to occupy the premises. And on the wife's death the rents and profits were to be paid to her children until they came of age, when the trustee was to deed the land to them. The wife outlived her children and all her grandchildren but two. *Held*, that on her death these were entitled to the property as heirs-at-law of the grantor.

2. A trust requiring the trustee to manage property and pay rents and profits to the beneficiary unless the latter elects to live on it is an active trust, so long as the beneficiary is out of possession; and whenever that is the case, it does not therefore vest a legal estate in the beneficiary under How. Stat. § 5565, and a mere beneficiary for life cannot, by deeding it, give title to more than an equitable life-interest, if to that.

Error to Wayne. (Jennison, J.)   Oct. 16.—Nov. 19.

EJECTMENT. Defendant brings error. Affirmed.

*B. T. Prentis* and *Fraser & Gates* for appellants. The provision in How. Stat. § 5565 as to the estate of a beneficiary was copied from New York, and it is there well settled that under such a trust deed the entire legal estate vests in the beneficiary: Willard on Real Estate, 232–234; *Meth. Church*

*of Newark v. Clark* 41 Mich. 741; *Steevens v. Earles* 25 Mich. 44.

*Barbour & Rexford* for appellee Ryan.

COOLEY, C. J.   This is an action of ejectment for a lot in the city of Detroit.   All the parties claim through Ira Beagle, who was owner in fee on December 21, 1847.   On that day he executed and delivered a trust deed conveying in fee-simple this and another lot to David V. Chamberlain as trustee, the trust being declared as follows :

" This deed and conveyance is made upon the following trust, and for the following purpose : That said party of the second part shall pay over the rents and profits of said premises to Elizabeth Beagle, her assigns and appointees, during her natural life, and permit said Elizabeth Beagle, who is the wife of said Beagle, her assigns and appointees, if she and they shall so elect, to occupy and peaceably enjoy and possess said premises during the natural life of said Elizabeth.

*Secondly.* One of said lots hereby conveyed may be sold by said party of the second part, or mortgaged by him, his heirs and assigns, the proceeds of such sale or mortgage to be applied in repairs and improvements on the other of said lots by said party of the second part, his heirs and assigns ; said proceeds to be appropriated to no other purposes.

*Third.* On the death of said Elizabeth Beagle the rents and profits of said premises are to be paid over to the children of said Elizabeth Beagle, their heirs and assigns, by said party of the second part, his heirs and assigns, until said children of said Elizabeth shall all arrive at the age of twenty-one years ; and when said children of said Elizabeth shall thus all arrive at the age of twenty-one years, said party of the second part is to convey said bargained premises, by good and sufficient deeds of conveyance, to said children of said Elizabeth Beagle ; and if said party of the second part, his heirs and assigns, shall become liable to pay any sum, and shall actually pay the same, on account of any breaches on the part of said Elizabeth of the articles of separation of said Ira and Elizabeth Beagle, this day entered into, then said party of the second part shall be entitled to indemnify himself out of the profits and rents of said premises for such payments."

Ira Beagle died in 1862 or thereabouts, leaving Elizabeth Beagle and several children surviving him.   Elizabeth Beagle

died October 28, 1880, having survived all her children and all the descendants of her children except the plaintiff, Sarah J. Ryan and Mary A. Vinton, her sister, who are children of Mary J. Parish, a daughter of said Ira and Elizabeth. Mrs. Ryan and Mrs. Vinton, after the death of their grandmother, claimed the lot as heirs at law of Ira Beagle, and Mrs. Vinton conveyed such right as she may have had to the plaintiff Parker. Defendant claims the lot through warranty deeds given by Elizabeth Beagle and Mary J. Parish in 1860, and quitclaim deeds given near the same time by the other children of said Ira and Elizabeth. This statement will sufficiently show the foundation of fact upon which the parties base their respective claims.

It is contended on the part of the defense that under the trust deed Elizabeth Beagle took a legal estate in the land at least for her life, with power to convey one of the lots in fee; and that therefore her conveyance was effectual. This contention is based upon the supposition that the trust which the deed to Chamberlain undertook to create was a mere naked trust, and that consequently it vested a legal estate in the beneficiary by force of the statute. How. Stat. § 5565. But this is an error. The deed contemplated an active trust, to continue during the life of Elizabeth Beagle and the minority of the children; the trustee having the control and management of the trust property and the receipt of the rents and profits except in the event of Mrs. Beagle herself electing to go into possession. But her taking possession would not affect the trust; it would merely relieve the trustee for the time being of an active duty in management; but the duty would return again in case of her surrendering possession, as it would also in the event of her death, leaving any of the children surviving. There was no ground, therefore, for the suggestion that the legal estate was vested elsewhere by the trust deed than in the trustee; and the deed of Elizabeth Beagle, if it could be effectual to convey her equitable life-interest,—which is a question not now before us,—would be inoperative for any further purpose.

It is further contended that Mary J. Parish would have

been estopped by her warranty deed, given in 1860, from claiming title to the lot in controversy as against any one deriving rights under her deed; and this being so, that plaintiffs, who claim through her and stand in privity, are estopped also. This contention is based upon a familiar principle, and must prevail if the facts are such as to make the principle applicable. But to make it applicable it is essential that the title should have passed to Mrs. Parish, and be claimed by the plaintiffs by virtue of the fact that she had become owner. This the defendant contends was the case; that the land on the death of Ira Beagle passed immediately to his heirs, subject to the trust, and was therefore subject to contract and conveyance by them, as it would have been in his life-time by Beagle himself. How. Stat. § 5579.

It is to be observed, however, that Beagle conveyed the title absolutely, and reserved to himself no power of revocation. The trust contemplated a conveyance by the trustee to the beneficiaries, when the children should come of age; and apparently Beagle did not contemplate the possibility that the trust would come to an end by the death of Mrs. Beagle after surviving all her children. That very improbable contingency, however, actually occurred; and when it did occur the beneficial interest in the land undoubtedly was in the heirs of Ira Beagle. But that it had passed to them subject to the trust immediately on the death of Ira Beagle we cannot agree. The trust deed did not contemplate that the children should take the land by descent, and its terms were such as to preclude the possibility; if they survived their mother and became of age, they would take under the deed; and no one who failed to survive the mother would take at all. This seems to be the necessary effect of the deed.

The title, having been conveyed to the trustee upon active trusts, would remain in him while the trust remained unexecuted; and it did remain unexecuted, as we have seen, until the death of Mrs. Beagle, which was after the death of all the children. The children therefore never succeeded to the title or to any inheritable interest. If we assume that the trust terminated when Mrs. Beagle died, the beneficial

interest in the land, with the right to demand conveyance, must then have passed to the heirs-at-law of Ira Beagle; but it would be to such persons as were then heirs, and not such as at some prior time may have been heirs. The persons who were then heirs were Mrs. Ryan and Mrs. Vinton, the only surviving descendants; and they would take directly from Ira Beagle by virtue of their relationship to him; and not through their mother, who never inherited the land. The fact that they traced relationship through the mother is of no importance; they are not in privity with her in respect to this land, unless they claim title to it through her; and this, we have seen, is not the case. *Moore v. Littel* 40 Barb. 488, 498: s. c. on appeal 41 N. Y. 66; *House v. McCormick* 57 N. Y. 310, 321.

There is therefore no room for the operation of the doctrine of estoppel which has been invoked in the case. Whether the active trust continued for any purpose after the death of Mrs. Beagle we need not inquire, since it appears that the plaintiffs have received a conveyance from the trustee. The judgment, which was in their favor, must therefore be

Affirmed, and the record remanded for further proceedings.

The other Justices concurred.